UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN DOE, a/k/a "coronavirusmedicalkit.com,"<br><br>      Defendant. | Case No. A-20-CV-306 |

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

This matter comes before the Court on the United States' Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"). Upon consideration of the Motion pursuant to 18 U.S.C. § 1345, the Complaint for Temporary Restraining Order and Preliminary and Permanent Injunctions (the "Complaint"), and the Declaration of Supervisory Special Agent Jordan T. Loyd, the Court finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper.

2. There is probable cause to believe that Defendant Doe is violating and, unless enjoined, will continue to violate 18 U.S.C. § 1343.

3. The domain name "coronavirusmedicalkit.com," which is registered by NameCheap, Inc., 4600 East Washington Street Suite 305. Phoenix, AZ 85034, is being used as an instrumentality of Defendant's crimes.

4. Injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345. As such, neither a specific finding of irreparable harm, a showing of the inadequacy of other remedies at law, nor a balancing of the parties' interests is necessary prior to the issuance of a temporary restraining order.

5. Even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, the Court has found that permitting Defendant to continue to perpetrate the alleged wire fraud would constitute irreparable harm.

6. The statutory conditions for granting a permanent or temporary injunction or restraining order under 18 U.S.C. § 1345 are therefore met.

7. Defendant's violations 18 U.S.C. § 1343 will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, the United States' Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue is GRANTED.

IT IS FURTHER ORDERED that Defendant Doe, his or her agents, officers, and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained, pending a hearing on the United States' application for a preliminary injunction, from (A) committing wire fraud, as defined by 18 U.S.C. § 1343; (B) maintaining and doing business through the use of the domain "coronavirusmedicalkit.com;" (C) destroying business records related to Defendant's business, financial, or accounting operations; and (D) taking actions designed to interfere with any additional Court orders regarding the domain "coronavirusmedicalkit.com."

IT IS FURTHER ORDERED that NameCheap, Inc., upon receiving notice of this Order, shall take such steps as are necessary to prevent the public from accessing Defendant Doe's "coronavirusmedicalkit.com" website, including by changing the Domain Name System (DNS) record to remove any named server and leave it blank, and shall impose a registry lock on the "coronavirusmedicalkit.com" domain name and lock any accounts associated with the registrant of the domain name to prevent any change, transfer, or deletion of such domain name or accounts without the previous authorization of this Court.

IT IS FURTHER ORDERED that NameCheap, Inc., upon receiving notice of this Order, shall serve a copy of this Order to Defendant Doe by certified mail to the mailing address and/or by email to the email address associated with the registrant of the "coronavirusmedicalkit.com" domain name as reflected in its files, and shall promptly notify counsel for the United States in writing once such service has been accomplished.

IT IS FURTHER ORDERED that this temporary restraining order shall remain in force until the 4th day of April, 2020, or until such later date as may be extended by the Court or agreed upon by the parties. Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Defendants shall appear before this Court on March 31, 2020, at 10:00am, for a hearing to show cause, if there is any, why the preliminary injunction requested by the United States should not be granted. Defendant shall serve and file any response to the application for a preliminary injunction on or before March 27, 2020, and the United States shall serve and file any reply on or before March 30, 2020.

Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, the United States shall not be required to post security for this action.

SO ORDERED, this the  22nd  day of  March  , 2020.

_____
UNITED STATES DISTRICT JUDGE